Honorable Abe Paul Prosecuting Attorney McDonald County Courthouse Pineville, Missouri 64856
Dear Mr. Paul:
This letter is in response to your question asking:
 "1. If the County Treasurer if a third class county becomes incapacitated due to ill health, does the County Court have authority to pay additional help to act in her absence?
 "1a. Does this situation fall within the emergency category of 50.540(4) if the County Court does not have statutory authority to act according to the statutes dealing with the duties of County Treasurer."
You also state:
 "The County Treasurer has become incapacitated due to ill health and hired a deputy to act while she is absent from the office. She has requested of the County Court budgetary authority to pay the deputy in addition to her own salary. She has stated that this is a temporary `emergency' situation that would allow such County Court action despite an apparent prohibition in the statutes of her office."
Subsection 4 of Section 50.540, to which you refer, authorizes transfers of funds for unforeseen emergencies on an unanimous vote of the county court; but obviously funds in any event can only be used for lawful purposes.
We find no statutory provision authorizing the appointment of additional help to act in the absence of the treasurer. In our Opinion No. 49 dated September 10, 1952, to Kirkland, copy enclosed, to which you refer, we concluded that such an outlay is not an indispensable expense necessary to the successful and efficient conduct of the office which has not already been provided for. We concluded that the county court did not have the authority to reimburse the county treasurer for clerical help hired during the period when such treasurer was incapacitated due to illness and unable to attend to the duties of the office. We believe that this opinion is applicable in these circumstances and answers your question.
Therefore, in direct answer to your question, the county court does not have authority to pay for clerical help hired to perform the duties of the treasurer when the treasurer is incapacitated due to illness.
We also enclose Opinion No. 88-1977, to MacPherson, which is self-explanatory.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 49 Kirkland, 1952
 Op. No. 88 MacPherson, 1977